*cution not necessary in levy on personal property:* 32 S. C. 365; 30 S. C. 459; 11 S. C. 333, *and of no effect:* 15 S. C. 36; 18 S. C. 35. *Right to homestead may be determined in these proceedings:* 16 S. C. 1.

*Messrs. Dial & Todd* and *Jas. M. Richardson,* for respondent, submit: *Findings of fact not reviewable here:* 70 S. C. 180, 216, 555; 69 S. C. 522; 71 S. C. 412. *Construction of Civil Code 1912, sec. 3718:* 102 S. C. 285.

February 26, 1916.
The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.
For the reasons therein stated, the judgment of the Circuit Court is affirmed.

---

## 9275

### DILL-BALL CO. v. BAILEY.

#### (87 S. E. 1010.)

PROCESS—RETURN OF SERVICE—IMPEACHMENT.—Testimony *aliunde* the record, that a summons being deposited in defendant's mail box, with a note from the sheriff's deputy explaining it was sent by the sheriff to be served upon him, was taken from the box by defendant's servant and delivered to the defendant, who thereafter stated to the deputy that he had received the paper, and then had it in his possession, shows a substantial compliance with the requirements of law as to personal service, and does not impeach a return of personal service made by the sheriff.

Before GARY, J., Charleston, January, 1915. Affirmed.

Action by Dill-Ball Company against Alonzo S. Bailey. Appeal from order refusing to vacate and set aside judgment, on the ground that the summons had not been served

FOOTNOTE.—As to what constitutes "personal service," see notes in 16 L. R. A. 200.

on defendant.   The facts are stated in the Circuit order, as follows:

This is a petition in the above entitled case, asking the Court to vacate a default judgment rendered in said case on the sole ground "that no summons or other process was ever served upon the defendant in the above entitled suit, and that said default judgment was obtained against the defendant without his ever having been brought before the Court." The petition is not addressed to the discretion of the Court, but is the assertion of a right of the defendant, to wit, to vacate a judgment alleged to have been taken against him without the Court acquiring jurisdiction of him.   This is the right of the defendant if the facts bear out his allegations.

"The authorities show that a motion to be relieved from a judgment, taken against a party through his mistake, etc., stands upon an entirely different footing, from a motion to set aside a judgment, on the ground that the summons was not served on the defendant, so as to make him a party to the action.   The first of these motions, is based upon the conduct of the party making the motion, and is addressed to the discretion of the Court, while the other is merely the assertion of a legal right founded upon the failure of the adverse party to comply with the requirements of the law, and is not dependent upon the discretion of the Court.

Section 195 of the Code Civ. Proc. is inapplicable to the second of said motions, which the Court has authority to grant, under the general power of the Court, to relieve against its judgments on the ground that they are void or voidable.   *N. Y. Life Ins. Co.* v. *Mobley,* 90 S. C. 562, 73 S. E. 1032.

There is, therefore, before me but one question, viz.: Was the summons served on the defendant so as to make him a party to the action?   If not, it is the right of the defendant to have the judgment entered against the defendant in such action vacated when the want of jurisdiction

appears upon the face of the record or shall be made to appear by evidence *de hors* the original record.

The original summons has the following certificate upon it:

'State of South Carolina, County of Charleston.

I hereby certify that on the 12th day of November, A. D. 1913, at Edisto Island, I served on the above named Alonzo S. Bailey the summons and complaint in this action, by delivering copies thereof to Alonzo S. Bailey, personally, and leaving the same with him. J. Elmore Martin, S. C. C.' (Seal.)

The judgment entered was on the face of the record entirely regular.

Upon hearing of this motion there was an issue as to the service or nonservice of the summons upon the defendant, the certificate of the sheriff asserting that the service was made, and the affidavit of the defendant asserting that no summons was served upon him. The Court not being as fully informed as to the facts and circumstances concerning the alleged service, as it should be in order that it might make a satisfactory decision, referred the matter to Frank K. Myers, Esq., one of the masters for Charleston county, to take testimony and report forthwith to me his conclusions as to the service of the summons.

In due time the master reported back to me the testimony he had taken and his conclusions thereon. This report is before me, as a part of the record of this motion.

It appears from what is before me that the summons and complaint were filed with the sheriff for service upon the defendant, who was living on Edisto Island. The sheriff sent the papers to R. T. King to be by him served upon the defendant. Mr. King had the papers deposited in the mail box with a note addressed to the defendant explaining that the papers were sent by the sheriff to be served on him.

The papers were taken out of the mail box by the defendant's servant and by him they were delivered to the defend-

ant.  Shortly thereafter the defendant sent for Mr. King. The defendant discussed the papers with Mr. King, saying to him either, 'I got those papers you sent me,' or 'I want to talk to you about those papers.'  After this conversation King says he knew the defendant had received the papers. The defendant admits now that he received the papers from the mail boy, and sent them to Mr. Wash Clark in order that he might represent him at the trial.  For some reason Mr. Clark declined to represent the defendant.  The defendant denies, however, that he sent for Mr. King or that he had the conversation referred to.  Mr. King has no interest to be subserved by an inaccurate statement as to what took place.  He is entirely friendly to the defendant. Mr. King thereafter made his report to the sheriff, whereupon the sheriff made his certificate of personal service. The certificate of the sheriff as to personal service and the defendant's affidavit that no summons was served upon him, are but the legal conclusions of the sheriff and the defendant, respectively, and are unimportant in view of the facts and circumstances surrounding the transaction.

From the testimony it appears that the defendant had notice of the pendency of the action, and knew or should have known that judgment by default would be taken against him if he failed to answer within the time prescribed by law.

It seems to me that when the defendant sent for the representative of the sheriff and stated that he had received the paper, and had them then in his possession and then and there recognized the service, it was a substantial compliance with the requirements as to personal service, notwithstanding the papers had been conveyed to the defendant in a circuitous way.  Let us suppose that when the sheriff's deputy went to the defendant's house he had then handed the defendant the papers, would this process have been any more effective than the roundabout method of serving the papers by mail and meeting them in the hands of the defend-

ant in the home of the defendant and when the circumstances were accompanied with a recognition of the service? I think not. The law does not require a foolish thing to be done, and it would not require that the deputy take the papers from the defendant and then redeliver them into the hands of the defendant before it would recognize as a valid service a meeting of the deputy, the defendant and the papers in defendant's hands accompanied by a recognition of the service by the defendant. The law is reasonable. I find that the summons was served upon the defendant so as to make him a party to the action.

It is, therefore, ordered, that the rule to show cause issued by me, bearing date November 10, 1914, be, and the same is, discharged, the motion to vacate the judgment herein refused, and the restraining order made in said rule to show cause vacated."

*Messrs. Logan & Grace,* for appellant, cite: *The service here was not personal service, and void:* 62 S. C. 533; 95 S. C. 375; 80 N. C. 200; 18 L. R. A. 498; Code Civ. Proc. 456.

*Messrs. Mitchell & Smith,* for respondent, cite: *If there is any testimony to support findings of fact below, they cannot be reviewed here:* 58 S. C. 1; 62 S. C. 506; 73 S. C. 526; 77 S. C. 414. *Service by sheriff through his agent:* 39 S. C. 482. *Jurisdiction depends not on proof of service, but fact of service:* 17 L. R. A. 66. *Defects and irregularities waived:* 26 Ga. 408; 52 Ga. 449; 32 Cyc. 530; 2 Dowl. P. C. (N. S.) 547.

February 28, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The order of his Honor, the Circuit Judge, is affirmed, for the reasons therein stated.